```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**EVANSTON INSURANCE COMPANY,**

    **Plaintiff,**

v.                                    Civil Action No: 5:05-0230

**GAYNELL RADCLIFF,**
**TERRY Z. SCARBRO,**
**SOPHIA POST NO. 4326**
**VETERANS OF FOREIGN WARS**
**OF THE UNITED STATES,**

    **Defendants.**

## MEMORANDUM OPINION

Pending before the court are a variety of motions relating to cross motions for summary judgment filed by the parties. Having reviewed the record and applicable law, for the reasons outlined below the court:

    (1) grants Evanston Insurance Company's ("Evanston") motion for summary judgment (Doc. No. 30);

    (2) grants Evanston's motion to exceed the page limit for its memorandum of law in support of its motion for summary judgment (Doc. No. 31);

    (3) denies Gaynell Radcliff's motion for summary judgment (Doc. No. 34);

    (4) denies as moot Evanston's motion to strike Gaynell Radcliff's memorandum in opposition to Evanston's motion for summary judgment (Doc. No. 35);

(5) denies as moot Evanston's motion to strike Terry Z. Scarbro and Sophia Post No. 4326 Veterans of Foreign Wars of the United States' response in opposition to Evanston's motion for summary judgment (Doc. No. 38);

(6) denies as moot Evanston's motion in limine to exclude all evidence of coverage of Gaynell Radcliff's claims for assault and battery and punitive damages (Doc. No. 41); and

(7) denies as moot Evanston's motion in limine to exclude speculative testimony of Gaynell Radcliff (Doc. No. 42).

The Clerk is directed to strike this case from the active docket of the court.

## I. Background

Gaynell Radcliff filed a complaint ("Radcliff Complaint") against Terry Z. Scarbro and Sophia Post No. 4326 Veterans of Foreign Wars of the United States ("VFW") for assault and battery (Count I) and negligence (Count II) in West Virginia state court. (Doc. No. 1-2, Ex. B, Count I ¶ 4, Count II, ¶ 3.) In her claim against VFW and Scarbro, Radcliff alleges that Scarbro forcefully removed her from the VFW's premises. (Id. Ex. B, Count I ¶ 4, Count II ¶ 3.) Radcliff alleges that as a result, she broke her shoulder and sustained other injuries. (Id. Ex. B, Count II ¶¶ 3-6.)

VFW held a general liability policy ("policy") with plaintiff Evanston Insurance Company ("Evanston") for the period

2

covering the underlying incident.  (Doc. No. 1-1, ¶ 8.)  On March 17, 2005, Evanston filed a complaint for a declaratory judgment that Radcliff's claims are not covered under the policy and that Evanston does not have a duty to defend or indemnify VFW or Scarbro.  (Id. ¶ 51.)  Evanston argues that the policy does not cover damage from intentional conduct, like the assault and battery alleged here.  (Doc. No. 31-2 at 9-15.)

Scarbro and VFW urge the court to deny Evanston's motion as to Count II of the Radcliff Complaint.  Scarbro and VFW argue that the Radcliff Complaint establishes an independent claim for negligence supported by the record and that negligent acts are covered by the policy.  (Doc. No. 37 at 1-2.)  Scarbro and VFW do not contest Evanston's motion as to Count I and the punitive damages issue.  (Id. at 2.)

Similarly, Radcliff moves for summary judgment arguing that Count II states a claim for negligence covered under the policy. (Doc. No. 32 at 3-8.)  Evanston responds that Count II of the Radcliff Complaint is really an intentional tort claim dressed up as a negligence claim, and that as such, the court must find that coverage is precluded as to Count II as well.  (Doc. No. 33-1 at 4-6.)

In addition, Radcliff argues that the policy's exclusions do not preclude coverage as to Count I because of language in the "expected or intended" clause extending coverage to acts in

3

defense of persons or property. (Doc. No. 32 at 7.) Evanston notes that an endorsement to the policy expressly deletes the language Radcliff relies upon from the policy. (Doc. No. 33-1 at 2.)

## II. Standard of Review

A motion for summary judgment may be granted when there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of their position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-251. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**III. Analysis**

To determine whether Evanston has a duty to defend or indemnify, the court must determine whether the allegations in the complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy. W. Va. Fire & Cas. Co. v. Stanley, 216 W. Va. 40, 47, 602 S.E.2d 483, 490 (2004) (citing Bruceton Bank v. U.S. Fid. & Guar. Ins. Co., 199 W. Va. 548, 549, 486 S.E.2d 19, 20 (1997)). To do so, the court must examine the allegations of the complaint but need not adjudicate the underlying facts. Id.

Radcliff divided her complaint into a count for assault and battery and a count for negligence. (Doc. No. 1, Ex. B.) Both counts describe the same incident. (Id.) Radcliff alone asserts that the policy covers the claim for assault and battery (Count I). However, all defendants maintain that Radcliff's negligence claim is covered under the policy (Count II).

**A. Coverage for Assault and Battery (Count I)**

The policy covers "bodily injury" caused by an "occurrence." (Doc. No. 1, Ex. A. at 17.) "Occurrence" means an accident. (Id. Ex. A at 37.) In the insurance context, "accident" has been construed to mean unusual or unexpected events, and it never means deliberate acts unless something independent and unexpected causes the resulting harm. Stanley, 216 W. Va. at 49, 602 S.E.2d at 492 (holding that "accident" in a similar policy excludes

deliberate acts like sexual assault); State Bancorp, Inc. v. U.S. Fid. & Guar. Ins. Co., 199 W. Va. 99, 105, 483 S.E.2d 228, 234 (1997).

Count I of the Radcliff Complaint alleges that Scarbro assaulted and battered Radcliff in his capacity as an employee of VFW. (Doc. No. 1-2, Ex. B, Count I ¶ 4.) Assault and battery both involve an intentional act. See Tolliver v. Kroger Co., 201 W. Va. 509, 518, 498 S.E.2d 702, 711 (1997) (establishing intent to cause harmful or offensive contact as an element of common law battery); 2 Am. Jur., Assault and Battery, §§ 2, 5 (discussing intent to commit battery as an element of common law assault). Because assault and battery are both intentional acts by definition, the policy does not cover bodily injury resulting from them.

Moreover, the policy specifically excludes from coverage "bodily injury" resulting from assault and battery. (Doc. No. 1, Ex. A at 11, 18.) The intentional act exclusion and the restaurant endorsement work together to exclude from coverage all assaults and batteries, including those in defense of persons or property. (Id.) Thus, even if bodily injury resulting from an assault or battery constituted an "occurrence" triggering coverage under the policy, it would be precluded by the policy's exclusions. Therefore, Evanston has no duty to defend or

6

indemnify VFW or Scarbro against Count I of the Radcliff Complaint.

### B. Coverage for Negligence (Count II)

Looking to the allegations of the Radcliff Complaint, Count II is plainly an attempt to present an assault and battery claim in negligence language. Under West Virginia law, a plaintiff cannot bypass the intentional act exclusion by including negligence-type allegations when the complaint essentially alleges intentional conduct. See Smith v. Animal Urgent Care, Inc., 208 W. Va. 664, 671, 542 S.E.2d 827, 834 (2000) (holding that claims for negligence were excluded from coverage when they were a "transparent attempt to trigger insurance coverage by characterizing allegations of intentional tortious conduct under the guise of negligent activity") (internal brackets and citations omitted); Stanley, 216 W. Va. at 54, 602 S.E.2d at 497 (finding that coverage was precluded by the policy's intentional acts exclusion because the allegations actually described intentional conduct even though the word "negligent" was used); Horace Mann Ins. Co. v. Leeber, 180 W. Va. 375, 381, 376 S.E.2d 581, 587 (1988) (holding that the negligence claims against the insured were a transparent attempt to trigger insurance coverage by characterizing allegations of intentional tortious conduct

under the guise of "negligent" activity). Courts in other jurisdictions routinely apply this rule.[1]

Radcliff alleges that Scarbro "negligently, recklessly and carelessly physically remove[d]" Radcliff from VFW's premises "using extreme and undue force." (Doc. No. 1, Ex. B ¶ 3.) Though the word "negligent" is present, the complaint describes Scarbro's attempt to physically force Radcliff out of VFW's premises. On its face, that action is necessarily intentional.

Moreover, in Stanley, the West Virginia Supreme Court discussed veiled allegations of intentional conduct. The court said that "reckless" tends to indicate an act which was intentionally done "in disregard of a risk known to [the actor] or so obvious that [the actor] must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Stanley, 216 W. Va. at 54, 602 S.E.2d at 497 (citing Cline v. Joy Mfg. Co., 172 W. Va. 769, 772, 310 S.E.2d 835, 838

---

[1] See also United Nat'l Ins. Co. v. Tunnel, Inc., 988 F.2d 351, 354 (2d Cir. 1993) (stating that a patron injured in a patron-bouncer altercation is not permitted to "dress up" substance of battery claim in "garments" of negligence merely to bypass policy exclusions); Linebaugh v. Berdish, 144 Mich. App. 750, 763, 376 N.W.2d 400, 406 (1985) (upholding a finding that negligence claims were a transparent attempt to trigger insurance coverage by characterizing allegations of intentional tortious conduct under the guise of "negligent" activity); Salza v. Cellar, 2002 WL 1331985 (Conn. Super. Ct. May 20, 2002) (unpublished) (finding that "[t]he allegations in the second and third count sound in assault and battery, even though they contain allegations of negligence").

(1983)). Accordingly, this court finds that the negligence claim presented in Count II actually describes intentional behavior and is thereby precluded from coverage under the policy. Therefore, Evanston has no duty to defend or indemnify VFW or Scarbro against the Radcliff Complaint as it relates to Count II. To find otherwise would invite needless litigation through the use of artful pleadings designed to avoid exclusions in insurance policies.

## IV. Conclusion

Because the court finds that Evanston has no duty to defend or indemnify, it is proper to grant their motion for summary judgment. The Clerk is directed to strike this case from the active docket of the court.

The Clerk is directed to mail and FAX a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 10th day of February, 2006.

ENTER:

David A. Faber
Chief Judge

9